UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                          Case No. **19-43235-cec**
                                                                Chapter 13

    Cherry Francis
     aka Cherry J. Francis
        Debtor.

---------------------------------------------------------X

AMENDED NOTICE OF MOTION FOR AN ORDER:  (A) VOIDING THE SECOND MORTGAGE LIEN OF GUSTAVIA HOME LLC/SN SERVICING CORPORATION; (b) RECLASSIFYING THE CLAIM FILED BY GUSTAVIA HOME LLC/SN SERVICING CORPORATION AS A GENERAL UNSECURED CLAIM; AND (c) VARIOUS RELATED RELIEF

PLEASE TAKE NOTICE, that upon the annexed affirmation of David J. Doyaga, Sr., Esq., attorney for the Cherry Francis, the Debtor, a motion pursuant to 11 U.S.C. Sections 506(a), 506(d), 1322(b)(1) and 1322(b)(5) shall be made as set forth below:

| | |
|---|---|
| Judge: | Carla E. Craig |
| Return Date and Time:<br>Place: | September 17, 2019 at 11:00 AM<br>United States Bankruptcy Court<br>271 Cadman Plaza East, Room 3529<br>Brooklyn, New York 11201 |
| Relief Requested: | The avoidance of a mortgage lien held by creditor Gustavia Home LLC/SN Servicing Corporation pursuant to 11 U.S.C. Sections 506(a) and 506(d), the reclassification of the claim filed by this creditor as a general unsecured claim pursuant to 11 U.S.C. Sections 1322(b)(1) and 1322(b)(5), along with such other relief as this Court may deem just and proper. |
| Basis for Relief Requested: | There is sufficient cause to grant this application pursuant to 11 U.S.C. Sections 506(a), 506(d), 1322(b)(1) and 1322(b)(5) |

Dated:  Brooklyn, New York
        August 13, 2019

                                          S/David J. Doyaga, Sr.

David J. Doyaga, Sr.
Attorneys for Debtor
26 Court Street - Suite 1601
Brooklyn, New York 11242
(718) 488-7500

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:                                                                  CASE No.  19-43235-cec
    Cherry Francis
    aka Cherry J. Francis                                     Chapter 13
              Debtor.                                            Affirmation in Support

---------------------------------------------------------X

        David J. Doyaga, Sr. (the "Movant") an attorney duly admitted to practice law in the State of New York does hereby affirm under penalty of perjury as follows:

        1. That I am the attorney for Cherry Francis (the "Debtor") and am fully familiar with the facts and circumstances herein.

        2.  This application is made in support of the Debtor's motion for the entry of an Order, declaring that:  (a) pursuant to 11 U.S.C. Sections 506(a) and 506(d), the secured debt owed to creditor, Gustavia Home LLC/SN Servicing Corporation  as set forth by proof of claim Number 2-1, dated July 18, 2019, filed by Alan Smikun, Attorney for Gustavia Home LLC/SN Servicing Corporation, in the amount of $278,138.04, shall be deemed wholly unsecured; (b) pursuant to 11 U.S.C. Section 506(d), the lien relating to such claim is void; and (c) pursuant to 11 U.S.C. Sections 1322(b)(1) and 1322(b)(5), the proof of claim filed by Gustavia Home LLC/SN Servicing Corporation in the amount of $278,138.04, relating to this debt shall be allowed as a non-priority general unsecured claim.

## **BACKGROUND**

        3. The Debtor filed a voluntary petition for relief under Chapter 13 of title 11 of the United States Code ("Bankruptcy Code") on May 29, 2019 (the "Filing Date") by filing her petition, schedules, statement of financial affairs and related papers (the "Bankruptcy Petition") with the Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

4. The Debtor is an individual who resides at 115-45 155th Street, Jamaica, NY 11434 (the "Real Property"). The Debtor is the owner of this Real Property and holds title to this Real Property.

5. Upon information and belief, Gustavia Home LLC/SN Servicing Corporation, is a secured creditor in the underlying Chapter 13 case, and upon information and belief, has based its secured status upon being the holder/servicing agent of a second mortgage made by the Debtor, duly filed with the Clerk of Queens, State of New York. Upon information and belief, the Debtor executed a New York Balloon Note in the amount of $99,00.00, dated August 25, 2006 in favor of Impac Lending Croup, a California Corporation, or its predecessor in interest. Upon information and belief this mortgage has been assigned to Gustavia Home LLC/SN Servicing Corporation.

6. Upon information and belief, Gustavia Home LLC/SN Servicing Corporation (last 4 digits of loan number 3596) has filed a proof of claim. On July 18, 2019, Alan Smikun, attorney for Gustavia Home LLC/SN Servicing Corporation filed a proof of claim in the amount of $278,138.04. Said proof of claim is reflected as Claim Number 6-1 on the claims register (Exhibit "A").

7. There is presently a first mortgage lien of record against the Debtor's homestead, also held by Deutsche Bank National Trust Company, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-3/Select Portfolio Servicing, Inc., with an outstanding balance of $506,650.81 ("the "First Mortgage"). As indicated in Select Portfolio Servicing, Inc's July 19, 2019 proof of claim, annexed hereto as Exhibit "B". This first mortgage was recorded on August 25, 2006

8. The Debtor obtained a written appraisal of the Real Property's market value on or about June 21, 2019 (the "Appraisal") by Steven Shaw, New York State certified appraiser, state certification number 45000047981. (Annexed hereto as Exhibit "C").

9. The Appraisal contained comparable sales of the Real Property. According to the Appraisal, the market value of the Real Property, as improved, as of June 21, 2019 is $500,000.

10. The outstanding balance on the First Mortgage is $506,650.81.

11. The appraised value of the Real Property is $500,000.

12. Pursuant to Bankruptcy Code §506(a), a claim is allowed as secured only to the extent of the value of property upon which the lien is fixed. The remainder of the claim, if any, is unsecured.

13. The First Mortgage exceeds the value of the Real Property.

14. The value of the Real Property therefore is insufficient for the Gustavia Home LLC/SN Servicing Corporation claim to constitute an allowed secured claim under Bankruptcy Code §506(a).

15. Gustavia Home LLC/SN Servicing Corporation interest in the Debtor's estate's interest in the Real Property is an unsecured claim.

16. Pursuant to Section 506(a) of the Bankruptcy Code, a claim is allowed as secured only to the extent of the value of property upon which the liens is fixed. The remainder of the claim is considered unsecured.

17. Accordingly, pursuant to Section 506(a) of the Bankruptcy Code and Rule 3012 of the Federal Rules of Bankruptcy Procedure, the claim of Gustavia Home LLC/SN Servicing Corporation is an unsecured claim.

18.     Gustavia Home LLC/SN Servicing Corporation is wholly unsecured because the senior secured lien exceed the appraised value of the Real Property. Accordingly, the full amount of the second mortgage held by Gustavia Home LLC/SN Servicing Corporation (last 4 digits of loan number 1579), cannot be allowed as secured and must be deemed fully unsecured pursuant to 11 U.S.C. Section 1322(b)(1).

18.     In addition to the foregoing, pursuant to Section 506(d) of the Bankruptcy Code, to the extent a lien secures a claim against the Debtor that is not an allowed secured claim, such lien is void unless such claim is disallowed under Section 506(b)(5) or section 502(e) of the Bankruptcy Code.

19.    The secured status filed by Gustavia Home LLC/SN Servicing Corporation should be disallowed in its entirety. Therefore, the lien held by Gustavia Home LLC/SN Servicing Corporation must, pursuant to Section 506(d), be considered null and void.

20.   There is adversary proceeding pending in the Court that was filed by Gustavia Home LLC against Bank of America, NA and Deutsche Bank National Trust Company As Trustee Under The Pooling and Servicing Agreement Related to Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-3, Adversary Proceeding No. 1-19-01097-cec. It appears that Gustavia is challenging the priority of the First mortgage , Bank of America. This motion may have to be carried until that litigation is concluded or resolved.

WHEREFORE, the Debtor respectfully request that this Court enter an Order, pursuant to 11 U.S.C. Sections 506(a), 506(d), 1322(b)(1) and 1322(b)(5) declaring that:

(a) The claim held by Gustavia Home LLC/SN Servicing Corporation (last 4 digits of loan number 1579), secured by a lien on the Debtor's Real Property located at 921 East 105th Street, Brooklyn, New York be deemed a wholly unsecured claim;

(b) Upon the issuance of a discharge to Gustavia Home LLC/SN Servicing Corporation (last 4 digits of loan number 1579) the Debtor in her Chapter 13 case, the security interest claimed by as evidenced by any mortgage it has duly is deemed null, void, avoided, released and discharge of record; and (c) the Court grant such other further relief as is just and proper.

Dated: Brooklyn, New York
      August 6, 2019                      Debtor's Attorneys

                                      By:     __S/David J. Doyaga, Sr._____
                                                  David J. Doyaga, Sr.
                                                  26 Court Street, Suite 1601
                                                  Brooklyn, New York 11242
                                                  (718) 488-7500