**HASBANI & LIGHT, P.C.**
Seth D. Weinberg, Esq.
450 Seventh Ave, Suite 1408
New York, New York 10123
T: (212) 643-6677
F: (347) 491-4048
E: sweinberg@hasbanilight.com
*Attorneys for Secured Creditor Gustavia Home LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE:

CHERRY FRANCIS AKA CHERRY J. FRANCIS

                      Debtor.

-----------------------------------------------------------------X

Chapter 13

CASE NO.: 19-43235-cec

Judge: Hon. Carla E. Craig

**OPPOSITION TO DEBTOR'S MOTION TO VOID GUSTAVIA HOME LLC'S LIEN AND RECLASSIFYING CLAIM AS UNSECURED**

1.  Secured Creditor Gustavia Home LLC ("Creditor" or "Gustavia") opposes Debtor Cherry Francis aka Cherry J. Francis's ("Debtor" or "Francis") Motion to Void Mortgage Lien of Gustavia Home LLC and Reclassify Claim as unsecured.

**PRELIMINARY STATEMENT**

2.  Debtor seeks to void Creditor's lien and have it reclassified as unsecured on the basis that it is wholly unsecured because the property value is less than the total amount due on the first position lien. However, Debtor fails to prove by a preponderance of the evidence that it is entitled to void Creditor's lien. Debtor's valuation is *not* from the time of filing of Debtor's Bankruptcy petition in violation of 11 U.S.C. § 522. Furthermore, this Motion is premature because Creditor filed an adversary proceeding disputing priority of the alleged holder of the purported

senior mortgage. Finally, Creditor's lien is in fact secured because the Property value is significantly higher than as alleged by the Debtor. As such, Debtor's Motion should be denied.

## FACTUAL HISTORY

3. On August 25, 2006, Debtor executed a mortgage (the "Gustavia Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as Nominee for Impac Funding Corporation (the "Lender"), encumbering the property located at 11545 155 Street, Jamaica, NY 11434 (the "Property").

4. On December 6, 2006, the Gustavia Mortgage was recorded in the Office of the City Register For The City of New York under CRFN 2006000670883. A true and correct copy of the recorded Gustavia Mortgage is annexed hereto as **Exhibit A**.

5. The Gustavia Mortgage secures a promissory note (the "Gustavia Note") in the original principal amount of Ninety Nine Thousand Dollars and Zero Cents ($99,000.00), executed by Debtor on August 25, 2006, and delivered to the Lender. A true and correct copy of the endorsed Gustavia Note is annexed hereto as **Exhibit B**.

6. The Gustavia Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Gustavia. The indorsed Gustavia Note was physically delivered to Gustavia on January 7, 2016. A copy of the affidavit of possession is annexed hereto as **Exhibit C**; see **Exhibit B**. The Assignments of Mortgage are collectively annexed hereto as **Exhibit D**.

7. The Debtor and James Francis also executed a mortgage (the "DBNTC Mortgage") in favor of MERS as Nominee for Lender. A copy of the DBNTC Mortgage is annexed hereto as **Exhibit E**. The DBNTC Mortgage was subsequently assigned to DBNTC. A copy of the Assignment of Mortgage is annexed hereto as **Exhibit F**.

8. Without consent of Gustavia, or its predecessors in interest, DBNTC entered into a Consolidation and Modification Agreement (the "CEMA") with Debtor that was recorded on May 12, 2014 under CRFN 2014000161332. A copy of the CEMA is annexed hereto as **Exhibit G**. The CEMA added $129,610.44 of "New Money" to the DBNTC Mortgage obligation. See id.

9. On May 29, 2019 the Debtor commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

10. On July 18, 2019, Gustavia filed a proof of claim in the amount of $278,138.04 under Claim Number 2-1 (the "Gustavia Proof of Claim"). A copy of the Gustavia Proof of Claim is annexed hereto as **Exhibit H**.

11. On July 19, 2019, DBNTC filed a proof of claim in the amount of $506,650.81 under Claim Number 3-1 (the "DBNTC Proof of Claim"). A copy of the DBNTC Proof of Claim is annexed hereto as **Exhibit I**.

12. Also on July 19, 2019, Gustavia filed an adversary proceeding under Case Number 1-19-01097, *Gustavia Home, LLC v. Bank of America, N.A. et al* (the "Adversary Proceeding"). *See*, ECF Doc. No.: 29. In the Adversary Proceeding, Gustavia seeks subordination of the DBNTC Mortgage to the Gustavia Mortgage based upon the unauthorized addition of new monies to the DBNTC Mortgage.

13. Plaintiff filed the instant motion on August 19, 2019. *See*, ECF Doc. No.: 46.

## ARGUMENT

**I. DEBTOR'S MOTION SHOULD BE DENIED BECAUSE DEBTOR FAILS TO PROVIDE A VALUATION FOR THE PROPERTY AS OF THE TIME OF FILING OF DEBTOR'S VOLUNTARY PETITION**

14. This Court should deny Debtor's Motion because Debtor fails to provide relevant

and admissible documentary evidence to establish the valuation of the Property from the date of the filing of its voluntary bankruptcy petition.

15. A party seeking to avoid a lien under 11 U.S.C. § 522(f) "bears the burden of proof by a preponderance of the evidence on every statutory element." *In re Armenakis*, 406 BR 589, 617 (Bankr. S.D.N.Y. 2009). In 11 U.S.C. § 522, " 'value' means fair market value *as of the date of the filing of the petition* or, with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate." *Id*. (citing to *In re Wilding*, 475 F.3d 428, 432 (1st Cir. 2007)(quoting § 522(a) (emphasis added in *Wilding*)).

16. Here, Debtor filed their bankruptcy petition on May 29, 2019. *See,* ECF Doc. No. 1. Pursuant to 11 U.S.C. § 522(f), Debtor was required to submit proof of the fair market value of the Property as of the date of the filing of the petition, or May 29, 2019. *See*, *In re Armenakis*, *supra*. Instead, Debtor submit an appraisal dated June 21, 2019, which is about a month after filing the petition. *See,* **Exhibit C** to Debtor's Affirmation in Support of Motion to Avoid Lien Pursuant to 11 U.S.C. § 506(a)(1).

17. Since Debtor fails to submit a fair market value as of the date of the filing of the petition, Debtor fails to meet its burden of proof by a preponderance of the evidence on the statutory requirement set forth in 11 U.S.C. § 522(f) and this Motion must be denied.

**II.    THE DEBTOR FAILS TO ESTABLISH A LACK OF EQUITY IN THE PROPERTY UNDER THE STANDARD SET FORTH IN *POND***

18. In addition to failing to provide a valuation from the date of Debtor's voluntary petition, Debtor also fails to prove entitlement to avoid Creditor's Loan because the valuation of the Property leaves more than $1.00 of value over the amount due on Debtor's first position mortgage.

19. "In a *Pond* proceeding, the anti-modification provision set forth in Section 1322

places the burden on the debtor to demonstrate that there is not even one dollar ($1.00) of value over prior valid liens to support the mortgage lien that is to be avoided." *In re Fisher*, 289 BR 544, 547 (Bankr. W.D.N.Y. 2003).

20. Here, Debtor fails to meet their burden under Section 1322 and should not be permitted to avoid Creditor's Lien. *See, In re Fisher*, *supra*. The Property value has more than $1.00 of value over the first position mortgage. *Id*. The DBNTC Proof of Claim alleges a balance of $506,650.81 to the alleged first position lien. *See*, **Exhibit I**.

21. The Debtor values the Property at $500,000.00. *See,* **Exhibit C** of Debtor's Affirmation in Support of Motion to Avoid Lien Pursuant to 11 U.S.C. § 506(a)(1). In contrast, Creditor values the Property at $595,000.00. *See,* the Buyers Price Opinion of Dana Farber annexed hereto as **Exhibit J**.

22. As such, the Gustavia Mortgage is secured by more than $1.00 of value over the first position mortgage because under Creditor's valuation of the Property there exists an estimated $88,349.19 is equity in the Property following the amount of the DBNTC Proof of Claim.

23. Therefore, given the fact that the Property value has more than $1.00 of value over the first position mortgage the Gustavia Mortgage cannot be avoided.

### III. DEBTOR'S MOTION SHOULD BE DENIED AS PREMATURE BECAUSE OF THE LIEN PRIORITY DISPUTE AS SET FORTH IN THE ADVERSARY PROCEEDING

24. Debtor's Motion must be denied as premature because the Adversary Proceeding could create equity, resulting in a secured lien for Creditor regardless of the valuation of the Property that is utilized by this Court.

25. "In a *Pond* proceeding, the anti-modification provision set forth in Section 1322 places the burden on the debtor to demonstrate that there is not even one dollar ($1.00) of value

over prior valid liens to support the mortgage lien that is to be avoided." *In re Fisher*, 289 BR 544, 547 (Bankr. W.D.N.Y. 2003).

26. Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *See, Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dept. 1996) (*citing, Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-237, 594 NYS 890 (3d Dept. 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 A.D 315, 321, 276 NYS 586 (1st Dept. 1934)); *see also, In re Whi*te, 514 BR 365, 369-370 (E.D.N.Y. 2014) (*internal citations omitted*) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

27. Here, the Debtor and James Francis executed the DBNTC Mortgage, which is the purported first position mortgage secured by the Property. *See,* **Exhibit E**. Without consent of Gustavia, or its predecessors in interest, DBNTC entered into a CEMA that was recorded on May 12, 2014 under CRFN 2014000161332. *See,* **Exhibit G**. The CEMA added $129,610.44 of "New Money" to the DBNTC Mortgage obligation. See id.

28. The Adversary Proceeding seeks at a minimum the subordination of the "New Money" to the Gustavia Mortgage. Thus, a partial subordination judgment in the Adversary Proceeding would adjust DBNTC's first position proof of claim to $377,040.37[1]. Such a judgment

---

[1] This figure was calculated by subtracting the New Monies amount of 129,610.44 from the Proof of Claim amount of $506,650.81.

would certainly provide Gustavia with considerably more than $1.00 of secured value over the $377,040.37 first position proof of claim regardless of if the valuation of the Property was $500,000.00 or $595,000.00.

29. Therefore, Debtor's Motion must be denied as premature because the Adversary Proceeding could create equity, resulting in a secured lien for the Creditor regardless of the valuation utilized by this Court.

IV. **EQUITY FORBIDS VOIDING CREDITOR'S LIEN BECAUSE DEBTOR DEFAULTED ON THE FIRST MORTGAGE MORE THAN ONCE, ELIMINATING ANY POTENTIAL FOR EQUITY IN THE PROPERTY AS INTEREST, ADVANCES AND OTHER FEES CONTINUE TO BE ADDED TO THE LOAN**

30. Debtor's Motion must be denied under theories of equity because a decision granting the Motion would reward the Debtor for creating the alleged value deficiency. The Debtor has defaulted on the first position mortgage multiple times. Creditor is aware of two defaults based on the papers filed before this Court by Select Portfolio Servicing, Inc. on behalf of DBNTC. Debtors' failure to make multiple payments on a first position mortgage increased the amounts due on the DBNTC Mortgage loan by about 36% of the original unpaid principal balance.

31. At origination of the first position mortgage, the unpaid principal balance was $371,250.00. *See,* **Exhibit I**, Adjustable Rate Note. After presumably defaulting under initial terms, the Debtor agreed to a modification in which the Original Principal Balance of $371,250.00 was increased to $500,860.44 as a "New Mortgage," on the basis of the addition of $129,610.44 of "New Money." *See,* **Exhibit I**, December 2011 Loan Modification. After a second presumed default, the Debtor received a second modification, which increased the New Principal Balance to $513,207.78, *See,* **Exhibit I**, April 2018 Modification.

32. As of July 19, 2019, the unpaid principal balance on first position mortgage was

7

$506,650.81. *See,* **Exhibit I**, Official Form 410. Clearly, it is Debtor's multiple defaults on the DBNTC mortgage that has caused any alleged deficiency.

V.  **AN EVIDENTIARY HEARING IS WARRANTED TO CONFIRM THE PROPERTY'S VALUATION**

33. An evidentiary hearing should be ordered by this Court because Creditor has submitted creditable evidence to establish the existence of equity in the Property to deny Debtor's instant motion.

34. "When opposition is interposed to a *Pond* Motion that provides some creditable evidence that there is equity to support the mortgage to be avoided, the Court sets the matter down on its Evidentiary Hearing Calendar and schedules a trial date." *See, In re Dziendziel*, 295 BR 184, 188 (Bankr W.D.N.Y. 2003).

35. Here, Creditor has submitted evidence that the valuation of the Property is $595,000.00. *See*, **Exhibit J**. In contrast, the Debtor submitted a valuation of $500,000.00 as of June 21, 2019. *See,* **Exhibit C** to Debtor's Affirmation in Support of Motion to Avoid Lien Pursuant to 11 U.S.C. § 506(a)(1).

36. Based on the foregoing, Creditor is entitled to an evidentiary hearing on the valuation of the Property before Debtor's instant motion is decided by this Court. *See, In re Dziendziel*, *supra*.

## **CONCLUSION**

37. This Court should deny Debtor's instant Motion in its entirety. The Debtor fails to prove by a preponderance of the evidence that it is entitled to void Creditor's lien. Additionally, the Debtor's valuation is not contemporaneous with the filing of the Debtor's Bankruptcy petition, which is in violation of 11 U.S.C. § 522. Furthermore, this Motion is premature because Creditor filed the Adversary Proceeding disputing priority of the alleged holder of the purported senior

8

mortgage. Finally, Creditor's lien is in fact secured because the Property value is significantly higher than alleged by the Debtor.

Dated:   September 6, 2019
           New York, New York

                                            **HASBANI & LIGHT, P.C.**

                                            Seth D. Weinberg, Esq.